UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMY TAYLOR,<br><br>       Plaintiff,<br> v.<br><br>DENIS RICHARD MCDONOUGH,<br>Secretary Department of Veterans Affairs,<br>et. al.,<br><br>       Defendants. | CASE NO. 20-5471 RJB<br><br>ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS AND SETTING DEADLINE |

  THIS MATTER comes before the Court on the Defendants' Motion to Dismiss. Dkt. 29. The Court has considered the pleadings filed regarding the motion and the remaining file.

  On May 18, 2020, the Plaintiff, *pro se*, filed this case. Dkt. 1. His application to proceed *in forma pauperis* was denied (Dkt. 5) and the Plaintiff paid the filing fee. Using a form complaint, the Plaintiff makes claims under the Americans with Disabilities Act, 42 U.S.C § 12101, *et. seq.*, ("ADA"), the "Civil Rights Act of 1964," "Title VII of the Civil Rights Act," 42 U.S.C. § 2000e, *et. seq.*, ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. 621 to 634 ("ADEA"), and the "AMA." Dkt. 8.

ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS AND SETTING DEADLINE - 1

For the reasons provided below, the Defendants' Motion to Dismiss (Dkt. 29) should be granted, in part, and the Plaintiff should be given leave to file a motion to amend his Complaint.

## I. FACTS AND PROCEDURAL HISTORY

The Complaint is difficult to follow and contains little detail. The "Statement of Claim" section provides: "1. Disabled veteran, 2. L of retirement benefits, 3. Character assassination." *Id.* The Complaint alleges that in March and April of 2008, the Plaintiff was "falsely accused of illegal drug use, given undesirable reassignment, no [sic] provided w/reasonable accommodations after an on the job injury." *Id.* The Plaintiff complains of "failure to accommodate [his] disability," "unequal terms and conditions of [his] employment," retaliation, and "threat of physical violence." *Id.*

In the section entitled "Exhaustion of Federal Administrative Remedies," which provides, "[i]t is my best recollection that I filed a charge with the Equal Employment Opportunity Commission [("EEOC")] or my Equal Opportunity counselor regarding the defendant's alleged discriminatory conduct on," the Plaintiff indicated: "from calendar year 2008 thru [sic] 2013 with at least 3 appeal requests." *Id.* The Complaint notes that the EEOC has not issued a Notice of Right to Sue Letter. *Id.* He seeks damages. *Id.*

On April 22, 2021, the Defendants filed their Motion to Dismiss, arguing that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, 12(b)(6), failure to state a claim, 12(b)(2), lack of personal jurisdiction, and 12(b)(5), insufficient service of process. Dkt. 29.

## II. DISCUSSION

### A. STANDARD ON RULES 12(b)(1) and 12(b)(6) MOTIONS TO DISMISS

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, at 1225. When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989).

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir. 1997). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. PLAINTIFF'S CLAIMS UNDER THE ADA

The Defendants' motion to dismiss the Plaintiff's ADA claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) should be granted. The Court does not have subject matter jurisdiction over the Plaintiff's ADA claim because the United States has not waived sovereign immunity over claims under the ADA. The ADA is inapplicable to the United States or its agencies. 42 U.S.C. § 1211(5)(B)(i)(the federal government is not an "employer" for purposes of the ADA). The Plaintiff fails to demonstrate that the United States has waived sovereign immunity as to his ADA claim or that Court has subject matter jurisdiction over it. Further, the Plaintiff does not allege that any of the other Defendants were his "employer." The Plaintiff's ADA claims should be dismissed.

## C. PLAINTIFF'S CLAIMS UNDER TITLE VII AND ADEA

The Defendants' motion to dismiss the Plaintiff's claims under Title VII and the ADEA pursuant to Fed. R. Civ. P. 12(b)(6) should be granted. The Plaintiff has failed to state a claim under either statute. Under Title VII, an employer may not discriminate against a person with respect to her "terms, conditions, or privileges of employment" because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The ADEA makes it unlawful for an employer:

> to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

29 U.S.C. § 623(a)(2). The Plaintiff's Complaint alleges the Plaintiff suffered from disability discrimination. There are no allegations which would support a claim under either Title VII (regarding sex, for example) or the ADEA (age).

Further, claims under Title VII or the ADEA cannot be maintained against individual governmental employees except head of agencies in their official capacities. *Sommatino v. United States*, 255 F.3d 704, 707 n.1 (9th Cir. 2001) (Title VII) and *Romain v. Shear,* 799 F2d 1416, 1418 (9th Cir. 1986) (ADEA). Accordingly, to the extent the Plaintiff asserts Title VII or ADEA claims against the individual Defendants, except Defendant McDonough, in his official capacity, they should be dismissed with prejudice.

Moreover, cases bringing Title VII and ADEA claims have prerequisites to filing suit that the Plaintiff has failed to meet. Under Title VII, a "'charge . . . shall be filed' with the EEOC 'by or on behalf of a person claiming to be aggrieved' within 180 days 'after the alleged unlawful employment practice occurs.'" *Fort Bend County, Texas v. Davis,* 139 S.Ct. 1843, 1846 (2019)(*quoting* 42 U.S.C. § 2000e–5(b), (e)(1). Although not jurisdictional, this requirement is a

mandatory "procedural obligation." *Id*. The "scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). If the EEOC decides not to act on the charge, it issues a Notice of Right to Sue Letter. *Id.* A typical claimant has 90 days to file a civil action after they receive a Notice of Right to Sue Letter. *Scott v. Gino Morena Enterprises, LLC,* 888 F.3d 1101, 1106 (9th Cir. 2018)(citing 42 U.S.C. § 2000e-5(f)(1)). Failure to do so may result in dismissal of the claim. *Id.*

Federal employees asserting claims of discrimination based on "race, color, religion, sex, national origin, age, disability, or genetic information" follow more complex requirements. 29 C.F.R. § 1614.105. First, they must engage in informal consultation with the EEOC or their agency. 29 C.F.R. § 1614.105. If an informal resolution by the EEOC or the agency is not successful, a federal employee must file a formal complaint for decision by an Administrative Law Judge ("ALJ"), and may appeal that decision. *See* 29 C.F.R. § 1614.105 and 106. "The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time." *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012)(*citing* 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(a)-(b)). If either party files an appeal, which is optional, the deadline to file suit is again within 90 days of receiving notice of final agency action on the appeal or after 180 days from the filing of the appeal if no final agency action has been taken by that time. *Id.*

Although unlike Title VII, the ADEA does not requiring exhaustion of administrative remedies with the EEOC, an aggrieved employee is required by the ADEA to notify the EEOC

of their intent to file suit at least 30 days before they do so. *Bullock,* at 617. The ADEA provides,

> When the individual has not filed a complaint concerning age discrimination with the [EEOC] no civil action may be commenced by any individual under this section until the individual has given the [EEOC] not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d).

The Plaintiff's Complaint states that his EEOC charges were filed "from calendar year 2008 thru [sic] 2013 with at least 3 appeal requests." Dkt. 8, at 14. The Complaint fails to indicate what charges were filed; there is no indication that those charges related assertions of discrimination of the classes protected by either Title VII (like sex) or ADEA (age). To his Complaint, the Plaintiff attaches an "Investigative Summary and Analysis in the Matter of the EEO Complaint of Discrimination," dated May 4, 2009, purportedly by the Department of Veterans Affairs, Office of Resolution Management, regarding a charge he filed alleging he had been discriminated against based on his disability. Dkt. 8, at 18-24. The charges stem from an employee drug screening test he was required to take in August of 2008. *Id*. There is no mention of discrimination as a result of class protected by either Title VII (like sex) or ADEA (age).

Based on the allegations in the Complaint and attachments thereto, the Plaintiff failed to include a charge of discrimination which would support a Title VII claim here, like an allegation that he suffered discrimination as a result of his sex. His allegations relate solely to disability discrimination. Moreover, to the extent that the final agency action on his appeal last occurred in 2013, as alleged by the Plaintiff, he has failed to timely file his Title VII claim. Over eight years have lapsed after the last appeal was addressed; well beyond the 90 or 180 days the Plaintiff had

to file this case as contemplated by 29 C.F.R. 1614.407. The Plaintiff has failed to allege sufficient facts from which to conclude that he exhausted his administrative remedies or timely filed this case after issuance of a final agency decision on appeal.

As to his ADEA claim, the Plaintiff has failed to plead that he notified the EEOC of his intent to file an age discrimination claim within 30 days of filing this case. More importantly, he fails to allege that his ADEA claims relate to age related discrimination events occurred within 180 days of that notice. 29 U.S.C. § 633a(d). The Complaint indicates that his claims are based on events from March and April of 2008. Dkt. 8, at 13.

### D. PLAINTIFF'S CLAIM UNDER THE AMA

The Defendants' motion to dismiss the Plaintiff's claim under the AMA pursuant to Fed. R. Civ. P. 12(b)(6) should be granted. The Plaintiff has failed to identify what he means by "AMA."

### E. PLAINTIFF'S CLAIM FOR CHARACTER ASSASSINATION

The Plaintiff's Complaint refers to "character assassination." Dkt. 8. To the extent he intends to make a claim for libel or slander against the individual defendants, the motion to dismiss this claim should be granted. The Federal Tort Claims Act ("FTCA") is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of sovereign immunity. 28 U.S.C. § 1346 (b). The United States has not waived sovereign immunity under the FTCA for claims for libel or slander. 28 U.S.C. § 2680(h).

### F. MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12 (b)(5)

The individual Defendants also move for dismissal of the case against them arguing that the Court doesn't have jurisdiction over them because they have not been properly served. Dkt.

29. Rule 12(b)(2) allows a party to move to dismiss for "lack of personal jurisdiction;" Rule 12(b)(5) allows a party to dismiss for "insufficient service of process."

As above, there are multiple grounds for dismissal of the claims against them. The Court need not reach these alternative grounds for dismissal here.

### G. AMENDMENT AND CONCLUSION ON MOTION TO DISMISS

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009).

In his second response, the Plaintiff references the Rehabilitation Act. Dkt. 39. The Rehabilitation Act prohibits employment discrimination on the basis of disability, 29 U.S.C. § 791, and applies to the federal government, *See Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1005 (9th Cir. 2007). "A federal employee filing a claim of disability discrimination under the Rehabilitation Act must first exhaust administrative remedies available under Title VII." *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 841 (D. Haw. 2014). Based on the allegations in the Complaint, it appears that the Plaintiff has failed to timely file this case. It appears that he did not file this case within 90 days of the final agency action or after 180 days from the filing of his last appeal if no final agency action has been taken by that time as required by 29 C.F.R. 1614.407.

Moreover, the Plaintiff should be aware that the statute of limitations for claims under the Rehabilitation Act in the state of Washington is three years. *See Ervine v. Desert View Reg'l*

*Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014)(noting that the statute of limitations for Rehabilitation Act claims is "provided by analogous state law"); *Antonius v. King County*, 153 Wash.2d 256, 262 (2004)(claim under the Washington Law Against Discrimination, which prohibits disability discrimination, must be brought within three years). As pointed out by the Defendants, it appears that the statute of limitations may have lapsed; but, that is not wholly clear at this point.

Accordingly, the Plaintiff should be granted permission to file a motion to amend his complaint to add a claim under the Rehabilitation Act if he has such a claim in light of the conditions reference herein. His motion to amend the complaint, if any, must include a proposed amended complaint and be filed by **June 18, 2021**. The Plaintiff should specifically state the date of the filing of his last appeal with his agency and the date of the final agency action. The Plaintiff should not attempt to replead his claims under the ADA, Title VII, ADEA, AMA or for "character assassination." Responses and replies should be filed in accordance with the Local Rules of Western District of Washington.

The Defendants' motion to dismiss (Dkt. 29) should be granted, in part. The Plaintiff's claim under the ADA should be dismissed with prejudice for lack of subject matter jurisdiction; the United States, the Plaintiff's employer, has sovereign immunity from suit. The Plaintiff's claims under Title VII and the ADEA should be dismissed for failure to state a claim. The Plaintiff did not plead discrimination covered by those statutes and did not meet the statutory preconditions to suit. The Plaintiff's claim for "AMA" should be dismissed because he has failed to identify the legal basis for the claim. To the extent he asserts a claim for libel or slander, as "character assassination," that claim should be dismissed with prejudice because the United States has not waived sovereign immunity as to that claim.

Plaintiff should be aware that failure to file a motion to amend his complaint will result in dismissal of the case.

**IT IS ORDERED THAT:**

- The Defendants' Motion to Dismiss (Dkt. 29) **IS GRANTED IN PART AS STATED HEREIN**; and
- The deadline for the Plaintiff to file a Motion to Amend Complaint, if any, **IS JUNE 18, 2021**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of May, 2021.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge