UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMY TAYLOR,<br><br>                      Plaintiff,<br>   v.<br><br>DENIS RICHARD MCDONOUGH,<br>Secretary Department of Veterans Affairs,<br>et. al.,<br><br>                      Defendants. | CASE NO. 20-5471 RJB<br><br>ORDER ON MOTION TO AMEND COMPLAINT AND MOTION TO VACATE |

       THIS MATTER comes before the Court on the Plaintiff's August 27, 2021 pleading, entitled "Affidavit," in which he moves to "add the Rehabilitation Act of 1973" and so should be construed as a motion to amend complaint (Dkt. 47) and the Defendants' Response to Plaintiff's Motion to Amend and Cross Motion to Vacate Case Schedule (Dkt. 48). The Court has considered the pleadings filed regarding the motions and the remaining file.

       For the reasons provided below, the Plaintiff's motion for leave to amend the complaint (Dkt. 47) should be renoted to October 15, 2021, the Cross Motion to Vacate the Case Schedule (Dkt. 48) should be granted, and all deadlines should be extended 120 days.

ORDER ON MOTION TO AMEND COMPLAINT AND MOTION TO VACATE - 1

## I.     FACTS AND PROCEDURAL HISTORY

On May 18, 2020, the Plaintiff, *pro se*, filed this case. Dkt. 1. His application to proceed *in forma pauperis* was denied (Dkt. 5) and the Plaintiff paid the filing fee. Using a form complaint, the Plaintiff made claims under the Americans with Disabilities Act, 42 U.S.C § 12101, *et. seq.*, ("ADA"), the "Civil Rights Act of 1964," "Title VII of the Civil Rights Act," 42 U.S.C. § 2000e, *et. seq.*, ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. 621 to 634 ("ADEA"), and the "AMA." Dkt. 8.

The Complaint is difficult to follow and contains little detail. The "Statement of Claim" section provides: "1. Disabled veteran, 2. L of retirement benefits, 3. Character assassination." *Id.* The Complaint alleges that in March and April of 2008, the Plaintiff was "falsely accused of illegal drug use, given undesirable reassignment, no [sic] provided w/reasonable accommodations after an on the job injury." *Id.* The Plaintiff complains of "failure to accommodate [his] disability," "unequal terms and conditions of [his] employment," retaliation, and "threat of physical violence." *Id.*

In the section entitled "Exhaustion of Federal Administrative Remedies," which provides, "[i]t is my best recollection that I filed a charge with the Equal Employment Opportunity Commission [("EEOC")] or my Equal Opportunity counselor regarding the defendant's alleged discriminatory conduct on," the Plaintiff indicates: "from calendar year 2008 thru [sic] 2013 with at least 3 appeal requests." *Id.* The Complaint notes that the EEOC has not issued a Notice of Right to Sue Letter. *Id.* The Plaintiff seeks damages. *Id.*

On May 26, 2021, the Defendants' Motion to Dismiss was granted, each of the Plaintiff's claims were dismissed, and the Plaintiff was given leave to file a motion to amend his complaint. Dkt. 41. That May 26, 2021 Order provided:

In his second response, the Plaintiff references the Rehabilitation Act. Dkt. 39. The Rehabilitation Act prohibits employment discrimination on the basis of disability, 29 U.S.C. § 791, and applies to the federal government, *See Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1005 (9th Cir. 2007). "A federal employee filing a claim of disability discrimination under the Rehabilitation Act must first exhaust administrative remedies available under Title VII." *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 841 (D. Haw. 2014). Based on the allegations in the Complaint, it appears that the Plaintiff has failed to timely file this case. It appears that he did not file this case within 90 days of the final agency action or after 180 days from the filing of his last appeal if no final agency action has been taken by that time as required by 29 C.F.R. 1614.407.

Moreover, the Plaintiff should be aware that the statute of limitations for claims under the Rehabilitation Act in the state of Washington is three years. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014)(noting that the statute of limitations for Rehabilitation Act claims is "provided by analogous state law"); *Antonius v. King County*, 153 Wash.2d 256, 262 (2004)(claim under the Washington Law Against Discrimination, which prohibits disability discrimination, must be brought within three years). As pointed out by the Defendants, it appears that the statute of limitations may have lapsed; but, that is not wholly clear at this point.

Accordingly, the Plaintiff should be granted permission to file a motion to amend his complaint to add a claim under the Rehabilitation Act if he has such a claim in light of the conditions reference herein. **His motion to amend the complaint, if any, must include a proposed amended complaint and be filed by June 18, 2021**. The Plaintiff should specifically state the date of the filing of his last appeal with his agency and the date of the final agency action.

Dkt. 41 (*emphasis added*). After receiving extensions of time, on August 27, 2021, the Plaintiff filed the instant pleading which should be construed as a motion for leave to file an amended complaint. Dkt. 47.

The Plaintiff now moves to "add the Rehabilitation Act of 1973 to include all applicable sections." Dkt. 47. He asserts that the "EEOC closed the case on February 20, 2020" and that he filed his case within the "90-day window without a Right to Sue Letter." *Id.* The Plaintiff attaches several "exhibits," which contain nothing but Plaintiff's description of various documents. *Id.*

ORDER ON MOTION TO AMEND COMPLAINT AND MOTION TO VACATE - 3

The Defendants oppose the motion to amend and move for an order vacating the current case schedule. Dkt. 48. While the Defendants noted the motion for October 1, 2021, the Plaintiff had an opportunity to respond in his reply and the issues raised in the motion to vacate the current case schedule do not need further briefing from the parties.

## II.  DISCUSSION

### A.  MOTION TO AMEND

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

The Plaintiff's motion to amend (Dkt. 47) should be renoted for **October 22, 2021**. The Plaintiff failed to attach a copy of his proposed amended complaint as directed in the May 26, 2021 order. The Plaintiff is informed that he cannot rely on his prior Complaint, but must file a proposed amended complaint. An amended pleading, like an amended complaint, replaces earlier pleadings, like an original complaint, and "render it without legal effect." *Valadez-Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011). The Plaintiff should file a proposed amended complaint by **October 4, 2021**. If the Plaintiff fails to file a proposed amended complaint, he is informed that the case may be dismissed for failure to prosecute. Any amended response the Defendants wish to file, and a reply, if any, should be filed in accord with the Federal Rules of Civil Procedure and the Local Rules of Western District of Washington.

### B.  MOTION TO VACATE CASE SCHEDULE

ORDER ON MOTION TO AMEND COMPLAINT AND MOTION TO VACATE - 4

The Defendants move to vacate the current case schedule if the Plaintiff is allowed to file a proposed amended complaint. Dkt. 48. The Defendants note that case deadlines are rapidly approaching, including the October 20, 2021 Expert Witness Disclosure deadline, and very little has happened in this case. *Id.*

The Defendants' motion to vacate the current case schedule (Dkt. 48) should be granted, in part. Deadlines must remain in the case. The motion to vacate should be construed as a motion for extension of all the remaining case deadlines. The Defendants have stated sufficient good cause pursuant to Fed. R. Civ. P. 16 for an extension of around 120 days. Accordingly, the Clerk of the Court should be directed to issue an amended case scheduling order, extending all remaining deadlines for around 120 days.

### III.   ORDER

**IT IS ORDERED THAT:**

- The Plaintiff's proposed amended complaint, if any, **IS DUE** on **October 4, 2021**;
- The Plaintiff's Motion to Amend (Dkt. 47) **IS RENOTED to October 22, 2021;**
- The Defendants' motion to vacate the current case schedule (Dkt. 48) **IS GRANTED, IN PART**; and
- The Clerk of the Court **IS DIRECTED** to issue an amended case scheduling order, extending all remaining deadlines for around 120 days.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of September, 2021.

ROBERT J. BRYAN
United States District Judge