UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMY TAYLOR,<br><br>                    Plaintiff,<br>     v.<br><br>DENIS RICHARD MCDONOUGH,<br>Secretary Department of Veterans Affairs,<br>et. al.,<br><br>                    Defendants. | CASE NO. 20-5471 RJB<br><br>ORDER ON MOTION TO AMEND COMPLAINT |

THIS MATTER comes before the Court on the Plaintiff's August 27, 2021 pleading, entitled "Affidavit," in which he moves to "add the Rehabilitation Act of 1973" and so should be construed as a motion to amend complaint. Dkt. 47. The Court has considered the pleadings filed regarding the motion and the remaining file.

For the reasons provided below, the Plaintiff's motion for leave to amend the complaint (Dkt. 47) should be denied and the case dismissed with prejudice.

ORDER ON MOTION TO AMEND COMPLAINT - 1

## I.     FACTS AND PROCEDURAL HISTORY

On May 18, 2020, the Plaintiff, *pro se*, filed this case. Dkt. 1.  His application to proceed *in forma pauperis* was denied (Dkt. 5) and the Plaintiff paid the filing fee.  Using a form complaint, the Plaintiff made claims under the Americans with Disabilities Act, 42 U.S.C § 12101, *et. seq*., ("ADA"), the "Civil Rights Act of 1964," "Title VII of the Civil Rights Act," 42 U.S.C. § 2000e, *et. seq*., ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. 621 to 634 ("ADEA"), and the "AMA."  Dkt. 8.

The Complaint was difficult to follow and contained little detail.  The "Statement of Claim" section provided:  "1. Disabled veteran, 2. L of retirement benefits, 3. Character assassination." *Id*.  The Complaint alleged that in March and April of 2008, the Plaintiff was "falsely accused of illegal drug use, given undesirable reassignment, no [sic] provided w/reasonable accommodations after an on-the-job injury." *Id*.  The Plaintiff complained of "failure to accommodate [his] disability," "unequal terms and conditions of [his] employment," retaliation, and "threat of physical violence." *Id*.

In the section entitled "Exhaustion of Federal Administrative Remedies," which provided, "[i]t is my best recollection that I filed a charge with the Equal Employment Opportunity Commission [("EEOC")] or my Equal Opportunity counselor regarding the defendant's alleged discriminatory conduct on," the Plaintiff indicated: "from calendar year 2008 thru [sic] 2013 with at least 3 appeal requests." *Id*.  The Complaint noted that the EEOC has not issued a Notice of Right to Sue Letter. *Id*.  The Plaintiff sought damages. *Id*.

On May 26, 2021, the Defendants' Motion to Dismiss was granted, each of the Plaintiff's claims were dismissed, and the Plaintiff was given leave to file a motion to amend his complaint. Dkt. 41.  That May 26, 2021 Order provided:

>In his second response, the Plaintiff references the Rehabilitation Act [("RA")]. Dkt. 39. The [RA] prohibits employment discrimination on the basis of disability, 29 U.S.C. § 791, and applies to the federal government, *See Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1005 (9th Cir. 2007). "A federal employee filing a claim of disability discrimination under the [RA] must first exhaust administrative remedies available under Title VII." *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 841 (D. Haw. 2014). Based on the allegations in the Complaint, it appears that the Plaintiff has failed to timely file this case. It appears that he did not file this case within 90 days of the final agency action or after 180 days from the filing of his last appeal if no final agency action has been taken by that time as required by 29 C.F.R. 1614.407.
>
>Moreover, the Plaintiff should be aware that the statute of limitations for claims under the [RA] in the state of Washington is three years. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014)(noting that the statute of limitations for [RA] claims is "provided by analogous state law"); *Antonius v. King County*, 153 Wash.2d 256, 262 (2004)(claim under the Washington Law Against Discrimination, which prohibits disability discrimination, must be brought within three years). As pointed out by the Defendants, it appears that the statute of limitations may have lapsed; but that is not wholly clear at this point.
>
>Accordingly, the Plaintiff should be granted permission to file a motion to amend his complaint to add a claim under the [RA] if he has such a claim in light of the conditions reference herein. **His motion to amend the complaint, if any, must include a proposed amended complaint and be filed by June 18, 2021**. The Plaintiff should specifically state the date of the filing of his last appeal with his agency and the date of the final agency action.

Dkt. 41 (*emphasis added*). After receiving extensions of time, on August 27, 2021, the Plaintiff filed the instant pleading which should be construed as a motion for leave to file an amended complaint. Dkt. 47.

The Plaintiff now moves to "add the Rehabilitation Act of 1973 to include all applicable sections." Dkt. 47. He asserts that the "EEOC closed the case on February 20, 2020" and that he filed his case within the "90-day window without a Right to Sue Letter." *Id.* The Plaintiff attaches several "exhibits," which contain nothing but Plaintiff's description of various documents. *Id.* The Defendants oppose the motion to amend. Dkt. 48.

ORDER ON MOTION TO AMEND COMPLAINT - 3

By order dated September 21, 2021, the Plaintiff's motion to amend was renoted to October 22, 2021. Dkt. 49. That Order (Dkt. 49) noted that the Plaintiff failed to file a proposed amended complaint. *Id.* The Plaintiff was given until October 4, 2021 to file a proposed amended complaint. *Id.* He was notified that failure to do so may result in dismissal of the case. *Id.*

On October 4, 2021, the Plaintiff filed two pleadings, one (two-page pleading) entitled "Affidavit," with the following line reading: "[r]esponse addressing motion to amend complaint . . ." Dkt. 51. This "Affidavit" discusses the original motion to amend and the Defendants' response to the motion to amend. *Id.*

The second October 4, 2021 pleading (which is 29 pages long) is also entitled "Affidavit." Dkt. 52. This second pleading (Dkt. 52) should be construed as the Plaintiff's proposed amended complaint. Included in this pleading, on page two, is a section entitled, "Amendment Civil Case No. 20-5471 RJB Addition of Rehabilitation Act of 1973." Dkt. 52, at 2. Page three of this second October 4, 2021 pleading is entitled, "Relief and Restitution Demands," where the Plaintiff makes damages claims and seeks various injunctive relief. Dkt. 52, at 3. In the "Amendment" portion of the second pleading (page two), the Plaintiff alleges that during his tenure with the Defendant he was "subjected to a hostile work environment this claim is made evident by several means." Dkt. 52, at 2. The Plaintiff then details three injuries he alleges occurred on the job. *Id.* The pleading then provides:

> Plaintiff Hereby Submits (Burden) of Proof of the Employment Discrimination by the following:
>
> Exhibits ~ A thru J as they are listed pertaining to the Neglect, Discrimination, & Harassment as it Occurred Pertaining to Plaintiffs Employment as an Employee Identified in a Protected Class After incurring an On the Job injury on Several Occasins [sic].

Dkt. 52, at 2.  The Exhibit A is a letter from the U.S. Equal Opportunity Commission ("EEOC"), dated September 5, 2018 relating to one of the Plaintiff's appeals. Dkt. 52, at 5.  Exhibit B is a decision from the EEOC dated February 20, 2020, affirming the Administrative Judge's decision to grant summary judgment in favor of the government on the Plaintiff's claims and a letter regarding the Administrative Judge's decision.  Dkt. 52, at 7-12.  The next several pages of the pleading, some marked Exhibit ~ A or Exhibit ~ B, appear to be letters from the U.S. Department of Labor regarding Plaintiff's workers compensation claims.  Dkt. 52, at 13-18.  The remaining pages, labeled Exhibit ~ A to Exhibit ~ J, contain Plaintiff's description of various documents, but not the documents themselves.  Dkt. 52, at 19-28.

The Defendants filed a Second Response to Plaintiff's Motion to Amend and again oppose the Plaintiff's motion.  Dkt. 54. They point out that the Plaintiff has failed to allege any facts to support a claim under the RA.  *Id*.

## II.   DISCUSSION

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

The Plaintiff's motion to amend (Dkt. 47) should be denied.  While there is no showing of bad faith, undue delay, or undue prejudice to the Defendant, amendment is futile.

To make a prima facie case of disability discrimination under the RA, the Plaintiff must allege facts that: (1) he was disabled within the meaning of the RA, (2) he was otherwise qualified to perform the essential functions of his position with or without reasonable

ORDER ON MOTION TO AMEND COMPLAINT - 5

accommodation; and (3) an adverse employment decision was made against him solely because of his disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir.1996). Although the Plaintiff has been given several opportunities to do so, he has again failed to allege sufficient facts to state a claim for relief. He has not alleged any facts in support of his RA claim but has again merely made conclusory statements that Defendant discriminated against him. It is clear that amendment is futile.

No further opportunities to attempt to amend the complaint should be offered. The Plaintiff has been given several opportunities to file a proposed amended complaint that states a claim and he has been unable to do so. This case should be dismissed with prejudice.

### III.   ORDER

**IT IS ORDERED THAT:**

- The Plaintiff's Motion to Amend (Dkt. 47) **IS DENIED;** and
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of October, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge